# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2189 | **DATE** | 10/9/2002 |
| **CASE TITLE** | International Insurance Company, et al. vs. Caja Nacional de Ahorro y Seguro | | |

| | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|
| **MOTION:** | |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Order. Plaintiff's Petition to Prove Up Damages [33] is granted. Plaintiff is awarded damages in the amount of $2,276,637.09. This action is terminated.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 10 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY, )<br>for itself and as Successor In Interest to )<br>International Surplus Lines Insurance Company, )<br>and The North River Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAJA NACIONAL DE AHORRO Y SEGURO, )<br>)<br>Defendant. ) | Case No. 00 C 2189<br><br>Judge Joan B. Gottschall |

DOCKETED
OCT 1 0 2002

## ORDER

Following the entry of a default judgment in favor of plaintiff, International Insurance Company ("IIC"), IIC filed, on August 2, 2002, a "Petition to Prove Up Damages," attaching affidavits and documentary materials indicating that plaintiff has suffered $2,276,637.09 in damages as a result of the matters alleged in this action. Defendant was ordered to respond by September 6, 2002, plaintiff was ordered to reply by September 20 and a hearing was set for October 1. On September 6, defendant filed a motion to extend time to file its response, seeking to extend its response date to October 7. The court granted the motion but limited the time to 12 days, requiring defendant to respond by September 18, an extension which would permit the Petition to be fully briefed prior to the October 1 hearing date. Defendant failed to file a response on the date set, and on September 27, defendant's counsel informed the court by letter that inasmuch as defendant had no evidence it was prepared to present at a hearing and was unprepared to cross-examine plaintiff's witnesses, the matter should be decided on the briefs. On September 28, defendant filed an "Affirmation in Opposition to the Petition to Prove Damages,"

41

asserting that defendant, a wholly-owned agency of the government of Argentina, is in the process of liquidation and that circumstance, as well as "the financial and economic situation" affecting Argentina, has made it impossible for defendant to respond to the merits of plaintiff's Petition to Prove Up Damages, just as these circumstances made it impossible for defendant to contest plaintiff's liability case on the merits. Defendant asks the court to appoint a special master expert in reinsurance to compute the damages claimed by IIC.

While the court does not intend to suggest any lack of sympathy for the difficult situation in which defendant apparently finds itself, its request cannot be granted and plaintiff is entitled, at long last, to its judgment. Had defendant had the means to hire an expert in reinsurance, it could have checked plaintiff's damage computations itself and brought any discrepancies to the court's attention. Given the history of this case, it is entirely predictable that the appointment of such an expert would simply delay the conclusion of this case and increase plaintiff's costs and accordingly its damages. With no basis for believing that plaintiff's damage figures are incorrect, an order which would so clearly entail additional delay and additional costs would be irresponsible.

Plaintiff's Petition to Prove Up Damages is granted. Plaintiff is awarded damages in the amount of $2,276,637.09. This action is terminated.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 9, 2002